UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-200-RJC

| | |
|---|---|
| JAMES DANIEL ERSPAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| KELLY J. WARD, Deputy, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion.

Plaintiff filed a § 1983 complaint and therein alleged that he was subjected to excessive force during his arrest in this district by officers with the Alexander County Sheriff's Department, and that he sustained several physical injuries. Plaintiff was later convicted in Alexander County Superior Court on two charges of assault with a deadly weapon on an officer and he was sentenced to a total term of just over 4-years imprisonment in the North Carolina Department of Public Safety.

According to the website of the North Carolina Department of Public Safety, Plaintiff was released from custody on June 12, 2014, however Plaintiff has not provided this Court with a current address such that this case may proceed. Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court with a current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Federal Rule of Civil Procedure 41(b) provides as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under

1

this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The Court entered an Order on November 24, 2014, informing Plaintiff of his duty to prosecute his case as discussed herein, and provided Plaintiff with 14-days to provide his current address. Further, Plaintiff was warned that failure to so notify the Court would result in dismissal of his complaint and without further notice. On November 24, 2014, the Clerk mailed a copy of this Order to Plaintiff's last known address and Plaintiff was provided up to and including December 11, 2014, in order to file the required notice. The 14-day time period has now elapsed and Plaintiff has failed to comply with the Court's order and his complaint will therefore be dismissed for failure to prosecute.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to prosecute. (Doc. No. 1).

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: December 18, 2014

Robert J. Conrad, Jr.
United States District Judge